IN THE UNITED STATES DISTRICT COURT
OF THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LOREN D. PETTIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF SPRINGFIELD, ILLINOIS, ) | |
| a municipal corporation, KENNY ) | |
| WINSLOW, Chief of the ) | |
| Springfield Police Department, ) | Civil No. 16-03075 |
| individually and in his official ) | |
| capacity, LIEUTENANT ) | |
| CHRISTOPHER MUELLER, ) | |
| individually and in his official ) | |
| capacity, and LIEUTENANT ) | |
| GREGORY WILLIAMSON, ) | |
| individually and in his official ) | |
| capacity, ) | |
| ) | |
| Defendants. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is the Motion to Dismiss (d/e 6) filed by Defendants City of Springfield, Illinois, a municipal corporation, Kenny Winslow, Christopher Mueller, and Gregory Williamson pursuant to Rule 12(b)(6) of the Federal Rule of Civil Procedure. Defendants' Motion to Dismiss is GRANTED IN PART and DENIED

IN PART.  Count I of Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1981.  Count II of Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Springfield, Illinois.  Count III of Plaintiff's Complaint fails to state a cognizable claim under Title VII of the Civil Rights Act of 1964 against Defendants Winslow, Mueller, and Williamson.  All other claims brought by Plaintiff Loren D. Pettit survive Defendants' Motion to Dismiss.

## I.  BACKGROUND

The following facts come from Plaintiff's Complaint.  The Court accepts them as true at the motion to dismiss stage.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff, an African-American, was employed by the Springfield Police Department from 2004 until his termination on June 10, 2014.  Defendant Winslow, the Chief of Police for the Springfield Police Department, notified Plaintiff on or about November 14, 2013, that Plaintiff was being temporarily suspended and placed on administrative assignment pending the completion of an internal affairs investigation.  During that investigation, Defendants Mueller and Williamson, Lieutenants with the

Springfield Police Department, conducted or directed a search of Plaintiff's home.  The search was conducted without Plaintiff's knowledge or consent, and the police officers who searched Plaintiff's home did not have a valid search warrant at the time of the search.  The investigation which led to the search of Plaintiff's home was authorized by Defendant Winslow.

On May 5, 2014, Defendant Winslow informed Plaintiff that the Springfield Police Department intended to file formal charges against Plaintiff for allegedly violating City of Springfield Civil Service Rule 6.1(I) by using alcohol or other controlled substances on the job or reporting to work under the influence of such substance.  Despite having performed his duties as a police officer in a competent and satisfactory manner, Plaintiff was informed by Defendant Winslow on July 10, 2014, that he was being terminated from his employment as a police officer with the Springfield Police Department.  Plaintiff alleges that he was discharged because he is African-American.  Officers charged with violating Service Rule 6.1(I) or committing similar misconduct who were not African-American were not terminated.

On March 16, 2016, Plaintiff filed a three-count Complaint

against Defendants.  Count I contains claims brought under 42 U.S.C. § 1981.  Count II contains claims brought under 42 U.S.C. § 1983, presumably based on an alleged violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.  Count III contains race discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Defendants filed their Motion to Dismiss and their Memorandum in Support of Motion to Dismiss (d/e 7) on May 16, 2016, arguing that Plaintiff had failed to state claims upon which relief could be granted.  Although it is not expressly stated, the wording of the Complaint suggests that each of Plaintiff's claims is directed at all four Defendants, and the Court has conducted its analysis of the Complaint and the Motion to Dismiss under that assumption.

## II.  **JURISDICTION**

This Court has original jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1983 because they are claims to "redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States."  28 U.S.C. § 1343(a)(3).  Additionally, the Court has jurisdiction over all of

Plaintiff's claims because they all arise under federal statutes. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### III.  LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged misconduct.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plaintiff's complaint must suggest a right to relief, "raising that possibility above a speculative level." Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016).  "The required level of factual specificity rises with the complexity of the claim." McCauley v. City of Chicago, 671 F.3d 611, 616-17 (7th Cir. 2011).  When faced with a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff." Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).  "[L]egal conclusions

and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." McCauley, 671 F.3d at 616.

### IV. ANALYSIS

#### A. Count I of Plaintiff's Complaint Does Not State a Cognizable Claim Under 42 U.S.C. § 1981.

In 1977, Congress enacted a law stating that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981. This statutory provision "affords a federal remedy against discrimination in private employment on the basis of race." Runyon v. McCrary, 427 U.S. 160, 172 (1976). However, 42 U.S.C. § 1981 "does not create a private right of action against state actors." Campbell v. Forest Pres. Dist. of Cook Cnty., Ill., 752 F.3d 665, 671 (7th Cir. 2014). Indeed, a municipality who violates rights protected by 42 U.S.C. § 1981 is liable only under 42 U.S.C. §1983. Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 733 (1989).

Plaintiff's Complaint indicates that Defendants Winslow,

Mueller, and Williamson are being sued in both their individual and official capacities. See Complaint (d/e 1), ¶¶ 7-8. Although individual defendants can be held liable under § 1981, see Smith v. Bray, 681 F.3d 888, 899 (7th Cir. 2012), overruled on other grounds by Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016), Plaintiff's Complaint states that the complained of conduct by Defendants Winslow, Mueller, and Williamson was conducted "under the color of state law and in the course and scope of their employment." Complaint, ¶ 7; see also id., Count II, ¶ 23. Nowhere does Plaintiff allege that Defendants Winslow, Mueller, and Williamson took actions that fell outside the scope of their roles as state actors. Accordingly, there is no alleged basis to hold Defendants Winslow, Mueller, and Williamson liable under 42 U.S.C. § 1981. Jett and Campbell dictate a dismissal of Count I of Plaintiff's Complaint as to Defendant City of Springfield, a municipality, and Defendants Winslow, Mueller, and Williamson, three police officers allegedly acting under the color of state law. Plaintiff does not dispute this result. See Pl. Resp. Mot. to Dismiss (d/e 9), ¶ 1. Accordingly, Count I of Plaintiff's Complaint is dismissed, in its entirety, without prejudice.

**B.    Count II of Plaintiff's Complaint States Cognizable Claims Under 42 U.S.C. § 1983 Against Defendants Winslow, Mueller, and Williamson.**

Before analyzing the sufficiency of the claims in Counts II and III of Plaintiff's Complaint, the Court notes that with respect to Plaintiff's § 1983 and Title VII claims, Defendants have attempted to interject factual allegations not contained in the Complaint into the Court's analysis on whether the claims satisfy the applicable pleading standards.  Specifically, Defendants attached affidavits by Defendants Winslow, Mueller, and Williamson, documents relating to an order of protection, and a collective bargaining agreement between Defendant City of Springfield and Police Benevolent and Protective Association Unit No. 5 to its memorandum in support of its motion to dismiss.  In ruling on a Rule 12(b)(6) motion to dismiss, the Court may consider "only the allegations made on the face of the complaint."  Feigl v. Ecolab, Inc., 280 F. Supp. 2d 846, 848 (N.D. Ill. 2003).  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993).  If the Court takes note of facts or documents

outside the pleadings, the Court must "convert the defendant's 12(b)(6) motion to one for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material of his or her own." Id.

Here, the Court chooses not to consider the additional factual allegations in support of Defendants' Motion to Dismiss or the documents attached to the memorandum as exhibits.  None of these documents were referenced in Plaintiff's Complaint; therefore, the exception outlined in Venture Associates that would make the documents part of the pleadings does not apply.  The Court also declines to convert Defendant's Motion to Dismiss to a motion for summary judgment.  Indeed, such an exercise would ultimately prove unfruitful, as Plaintiff has denied the additional factual allegations contained in Defendants' memorandum.  See Pl. Resp. Mot. to Dismiss, ¶ 2.

The Court now turns to the question of whether Plaintiff's § 1983 claims survive Defendants' Motion to Dismiss.  Federal law imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983. In order to state a cognizable § 1983 claim, the plaintiff "must assert the violation of a federal right." Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 103, 106 (1989). The plaintiff must also assert that the person who violated his rights acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). When a § 1983 claim is based on an alleged violation of the Fourth Amendment, the plaintiff must allege two elements: "(1) that the officers' conduct constituted a search or seizure and (2) that the search or seizure was 'unreasonable.'" White v. City of Markham, 310 F.3d 989, 993 (7th Cir. 2002).

The Court construes Plaintiff's § 1983 claims as being based upon an alleged violation of Plaintiff's rights under the Fourth and Fourteenth Amendments stemming from a search of Plaintiff's home by Defendants Mueller and Williamson. Defendants argue that Plaintiff's § 1983 claims should be dismissed because they are untimely. The problem with Defendant's argument is that it relies on an alleged fact not contained in Plaintiff's Complaint: the date of the alleged search. Because the Court has excluded the additional

factual allegations made by Defendants in their Motion to Dismiss, the Court cannot dismiss Plaintiff's § 1983 claim based on untimeliness because Plaintiff has not set forth a date on which the alleged search occurred. Defendants are free to pursue this position on summary judgment if the facts adduced through discovery indicate that Plaintiff's § 1983 claims are untimely.

In Count II of the Complaint, Plaintiff alleges that Defendants Mueller and Williamson conducted or directed a search of his home without his knowledge or consent and that the search was conducted without a valid search warrant. Complaint, ¶ 11. This single allegation is sufficient to satisfy the two elements of a Fourth Amendment claim—that their conduct constituted a search and that the search was unreasonable. See <u>Leaf v. Shelnutt</u>, 400 F.3d 1070, 1081 (7th Cir. 2005) ("A warrantless entry into a private home constitutes a search and presumptively is unreasonable under the Fourth Amendment."). Plaintiff's Complaint contains no factual allegations that would allow the Court to find that the officers who searched Plaintiff's home did not need a valid search warrant to do so. Therefore, assuming that Defendants Mueller and Williamson conducted the search of Plaintiff's home, the factual

allegations regarding the search indicate a right to relief against them that is more than merely speculative. However, even if Defendants Mueller and Williamson merely directed other officers to conduct the search, Plaintiff has still pleaded a valid § 1983 claim against them. See Backes v. Village of Peoria Heights, Ill., 662 F.3d 866, 870 (7th Cir. 2011) ("[A] supervisor may still be personally liable for the acts of his subordinates if he approves of the conduct and the basis for it.") (internal quotation marks omitted). The same rationale supports a § 1983 claim against Defendant Winslow, as the search was conducted pursuant to an investigation he authorized. See Complaint, ¶ 11.

    Plaintiff's § 1983 claim against Defendant City of Springfield fails, however. A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 694 (1978); see also Kimbrew v. Evansville Police Dep't, 867 F. Supp. 818, 830 (S.D. Ind. 1994) (applying Monell to a § 1983 claim against a municipality based on an alleged violation of the Fourth Amendment). Liability against a municipality is present only where the injury is the result of a policy or custom of the municipality, whether enacted by

lawmakers or by public officials whose acts "may fairly be said to represent official policy." Monell, 436 U.S. at 694. Plaintiff has not alleged that the search of his home was the result of any policy or custom adopted by Defendant City of Springfield, nor has Plaintiff alleged that any of the other Defendants are policymakers for Defendant City of Springfield. Accordingly, Plaintiff has pleaded no cognizable § 1983 claim against Defendant City of Springfield based on the search of Plaintiff's home by Defendants Mueller and Williamson. Count II of Plaintiff's Complaint is dismissed, without prejudice, as to Defendant City of Springfield.

    **C.    Count III of Plaintiff's Complaint States a Cognizable Title VII Claim Against Defendant City of Springfield, Illinois.**

Defendants cite the four elements that a plaintiff must establish under McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to prevail on a discrimination claim where there is no direct evidence of discrimination, arguing that Plaintiff has not alleged facts sufficient to satisfy those elements. But as the Supreme Court has since held, the prima facie case under McDonnell Douglas "is an evidentiary standard, not a pleading requirement." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Therefore, "under a

notice pleading system, it is not appropriate to require a plaintiff to plead facts establishing a prima facie case" of discrimination.  Id. at 511; see also Carlson v. CSX Transp., Inc., 758 F.3d 819, 827 (7th Cir. 2014) (citing Swierkiewicz, 534 U.S. at 513-15) ("Title VII claims are not subject to a heightened pleading standard.").  Although Swierkiewicz was decided prior to the Supreme Court's holdings in Twombly and Iqbal, the Seventh Circuit has applied Swierkiewicz in cases that postdate Iqbal.  See, e.g., Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1028 (7th Cir. 2013) ("Neither *Iqbal* nor *Twombly* overruled *Swierkiewicz*, and it is our duty to apply the Supreme Court's precedents unless and until the Supreme Court itself overrules them.").

    Defendants also cite Gates v. Catepillar, Inc., 513 F.3d 680 (7th Cir. 2008), in arguing that Plaintiff has not satisfied his pleading requirement as to the "similarly situated employee" element of a Title VII claim based on indirect evidence of discrimination.  This argument again misconstrues Plaintiff's burden in pleading his Title VII claims by taking the incorrect position that Plaintiff need satisfy the elements of a prima facie case of discrimination based on indirect evidence in his Complaint.  In

addition, because <u>Gates</u> is a case in which summary judgment was granted in favor of the defendant employer, it is of limited value here.  Plaintiff's burden in stating a cognizable Title VII claim is not the same as his burden in avoiding summary judgment on that claim.  See <u>Swierkiewicz</u>, 534 U.S. at 511.  Further, as with Defendant's factual allegations regarding the date of the alleged search of Plaintiff's home, the Court has excluded Defendant's assertions regarding the circumstances of Plaintiff's alleged violation of a civil service rule in ruling upon Defendants' Motion to Dismiss.

    Having covered what Plaintiff did not have to allege to meet his burden in pleading his Title VII claims and what the Court will not consider in determining the sufficiency of these claims, the Court can now turn to what Plaintiff did have to allege.  Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although a complaint must contain more than a "general recitation of the elements of the claim," there is a "minimal pleading standard for simple claims of race or sex discrimination."  <u>Tamayo</u>, 526 F.3d at 1084.  For a Title

VII race discrimination claim, a plaintiff need only allege that the employer took a specific adverse employment action against him because of his race. Carlson, 758 F.3d at 827. Indeed, "once a plaintiff alleging illegal discrimination has clarified that it is on the basis of her race, there is no further information that is both easy to provide and of clear critical importance to the claim." E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 782 (7th Cir. 2007).

In Swanson v. Citibank, N.A., the Seventh Circuit held that the plaintiff had adequately stated claims for racial discrimination under the Fair Housing Act. 614 F.3d 400, 405-07 (7th Cir. 2010). The plaintiff included in her complaint the type of discrimination alleged, the identities of those who allegedly discriminated against her, and when the alleged discrimination occurred. Id. at 405. The Seventh Circuit held that this information is all the plaintiff needed to include in her complaint to withstand a motion to dismiss alleging a failure to state a claim upon which relief can be granted. See id. The Seventh Circuit has applied Swanson to the pleading requirements to Title VII discrimination claims. See Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty., 804 F.3d 826, 833 (7th Cir. 2015). Because employers "are familiar with

discrimination claims and know how to investigate them," extensive factual allegations are not needed to put an employer on notice. Carlson, 758 F.3d at 827.

In his Complaint, Plaintiff alleges that he was terminated from his employment because he is black, that he was terminated by Defendant Winslow, and that he was terminated on June 10, 2014, after having been notified on May 5, 2014, that the Springfield Police Department intended to file formal charges against him for violating City of Springfield Civil Service Rule 6.1(I).  Based on the relevant Seventh Circuit precedent, these allegations are sufficient to state a Title VII racial discrimination claim.  Further, Plaintiff also alleges that he performed his duties in a competent and satisfactory manner and that non-black officers with the Springfield Police Department charged with the same or similar misconduct as he was were not terminated.  The Complaint sufficiently puts Defendant City of Springfield on notice of the basis for Plaintiff's Title VII claim and suggests a right to relief above the speculative level.  Whether Plaintiff can supply evidence establishing a prima facie case of discrimination, assuming direct evidence of discrimination is not present, is a question to be determined at a

later stage in the proceedings.

Plaintiff has not stated a Title VII claim as to Defendants Winslow, Mueller, or Williamson, however. "Individual people who are agents of the employer cannot be sued as employers under Title VII." Passananti v. Cook County, 689 F.3d 655, 662 (7th Cir. 2012); see also Gastineau v. Fleet Mortg. Corp., 137 F.3d 490, 493–94 (7th Cir. 1998); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995). Plaintiff alleges that he was employed by the Springfield Police Department. Plaintiff does not allege that he was employed by Defendants Winslow, Mueller, or Williamson, three of employees of Defendant City of Springfield. Accordingly, Plaintiff has not stated a cognizable Title VII claim against Defendants Winslow, Mueller, or Williamson. Count III of Plaintiff's Complaint is dismissed, without prejudice, as to Defendants Winslow, Mueller, and Williamson.

## V. **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss (d/e 6) is GRANTED IN PART and DENIED IN PART. Count I of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE. Count II of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as

to Defendant City of Springfield, Illinois.  Count III of Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE as to Defendants Winslow, Mueller, and Williamson.  Plaintiff's request for leave to file an amended complaint is GRANTED.  If Plaintiff chooses to file an amended complaint, he shall do so by March 3, 2017.  Defendants are DIRECTED to file a response to Plaintiff's amended complaint, or if no amended complaint has been filed, to the remaining claims in Plaintiff's Complaint, by March 17, 2017.

ENTER: February 17, 2017.

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE