IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LOREN D. PETTIT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF SPRINGFIELD, ILLINOIS, | ) |
| a municipal corporation, KENNY | ) |
| WINSLOW, Chief of the | ) |
| Springfield Police Department, | )   Case No. 16-cv-03075 |
| individually and in his official | ) |
| capacity, LIEUTENANT | ) |
| CHRISTOPHER MUELLER, | ) |
| individually and in his official | ) |
| capacity, and LIEUTENANT | ) |
| GREGORY WILLIAMSON, | ) |
| individually and in his official | ) |
| capacity, | ) |
| | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

　　Now before the Court is the Motion for Summary Judgment on Count II (d/e 13) filed by Defendants Kenny Winslow, Christopher Mueller, and Gregory Williamson. The motion is GRANTED. The undisputed material facts regarding Plaintiff's claim against Defendants Winslow, Mueller, and Williamson brought pursuant to

42 U.S.C. § 1983 establish that Plaintiff's claim is barred by the applicable statute of limitations.

## I. INTRODUCTION

On March 16, 2016, Plaintiff filed a three-count Complaint against Defendants. Count II of Plaintiff's Complaint—the focus of the motion for summary judgment—asserts claims brought under 42 U.S.C. § 1983, presumably based on an unauthorized search of Plaintiff's residence in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments. On February 22, 2017, the Court entered an Order dismissing, without prejudice, Plaintiff's § 1983 claim against Defendant City of Springfield, Illinois. Defendants Winslow, Mueller, and Williamson now move for summary judgment on Count II of Plaintiff's Complaint, arguing that Plaintiff's § 1983 claims are barred by the applicable statute of limitations because the search on which Plaintiff bases the claims took place on November 14, 2013, more than two years before Plaintiff filed his Complaint.

## II. FACTS

Despite having received a requested extension from the Court to respond to the motion for summary judgment, Plaintiff has not,

as of this date, filed a response to the motion. Plaintiff's failure to respond to the motion for summary judgment is deemed an admission of the motion. CDIL-LR 7.1(D)(2); see also Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission."). Accordingly, the only factual allegations from Plaintiff's Complaint that the Court will analyze in ruling on the motion for summary judgment are those adopted by Defendants Winslow, Mueller, and Williamson in the motion. Further, the Court sets forth only those facts relevant to its determination as to whether a genuine dispute of material fact exists with respect to Plaintiff's § 1983 claims against Defendants Winslow, Mueller, and Williamson.

On November 14, 2013, Monica Johnson filed a domestic battery charge against Plaintiff. Mueller Aff. (d/e 13-1), ¶¶ 3-4. On that same date, Defendant Winslow, the Chief of Police for the Springfield Police Department, informed Plaintiff, an officer with the Springfield Police Department, that Plaintiff was being temporarily suspended and placed on administrative assignment pending the

completion of an internal affairs investigation.  Complaint (d/e 1), ¶¶ 9-10.

As part of the internal affairs investigation, Defendant Mueller, then an investigator with the Internal Affairs division of the Springfield Police Department, searched[1] Plaintiff's residence in Springfield, Illinois, without Plaintiff's knowledge or consent.  Complaint, ¶ 11; Mueller Aff., ¶¶ 3, 6, 9-10.  Defendant Winslow authorized the search of Plaintiff's residence, a search for which no warrant had been issued.  Complaint, ¶ 11.  The actions of Defendants Winslow and Mueller were taken within the scope of their employment with the Springfield Police Department.  Id. ¶¶ 4-5, 7.  Defendant Williamson, another investigator with the Internal Affairs division of the Springfield Police Department, was not present for the search of Plaintiff's residence on November 14, 2013, and at no time subsequent to that date did Defendant

---

[1] The motion for summary judgment contains contradictory facts regarding whether Defendant Mueller actually searched Plaintiff's residence. Compare Mueller Aff. ¶¶ 10-11, with Mot. for Summ. Judg. (d/e 13), p. 2 ¶¶ 6-9.  Due to these contradictory facts, Plaintiff's failure to respond to the motion, while construed as an admission of the motion, see CDIL-LR 7.1(D)(2), does not require the Court to accept that no search of Plaintiff's residence occurred.  See Perez v. Thorntons, Inc., 731 F.3d 699, 706 (7th Cir. 2013).

Williamson search Plaintiff's residence.  Williamson Aff. (d/e 13-2), ¶¶ 3, 5-6.

### III.  JURISDICTION

The Court has subject matter jurisdiction over Plaintiff's § 1983 claims because they are based on federal law.  See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  Venue is proper in this district because the events giving rise to Plaintiff's § 1983 claims occurred here.  See 28 U.S.C. § 1391(b)(2) (stating that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

### IV.  LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine dispute of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A genuine

dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the Court must construe facts in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008). A party opposing a summary judgment motion may not rely solely upon the allegations in his pleading, but must "set forth specific facts showing that there is a genuine issue for trial." Widmar v. Sun Chem. Corp., 772 F.3d 457, 460 (7th Cir. 2014).

## V. ANALYSIS

The Court notes briefly that Plaintiff's admission of the facts set forth in the motion for summary judgment does not necessarily make a grant of summary judgment appropriate. Indeed, the Court must still find that Defendants Winslow, Mueller, and Williamson are entitled to judgment as a matter of law. See Wienco, Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992). Because Plaintiff's § 1983 claims are time-barred, Defendants Winslow, Mueller, and Williamson are indeed entitled to judgment as a matter of law on those claims.

The statute of limitations applicable to claims brought pursuant to 42 U.S.C. § 1983 and arising out of conduct in Illinois is two years.  Rosado v. Gonzalez, 832 F.3d 714, 716 (7th Cir. 2016) (citing 735 Ill. Comp. Stat. 5/13-202; Wallace v. Kato, 549 U.S. 384, 387 (2007)).  A Fourth Amendment claim brought pursuant to 42 U.S.C. § 1983 "accrues at the time of the search or seizure." Neita v. City of Chicago, 830 F.3d 494, 498 (7th Cir. 2016).

The search of Plaintiff's residence by Defendant Mueller took place on November 14, 2013.  Therefore, Plaintiff had until November 14, 2015, to assert his § 1983 claims based on the search.  However, Plaintiff did not file his Complaint until March 16, 2016, more than four months after the statute of limitations had run.  And there are no facts before the Court indicating that the statute of limitations was tolled for any length of time. Accordingly, Plaintiff's § 1983 claims against Defendants Winslow, Mueller, and Williamson are untimely, making summary judgment in favor of Defendants Winslow, Mueller, and Williamson on these claims appropriate.  Further, regardless of whether Plaintiff's § 1983 claim against Defendant Williamson was timely, Defendant Williamson would still be entitled to summary judgment, as the

undisputed material facts of this case indicate that he had no involvement with the search of Plaintiff's residence on November 14, 2013.

## VI. CONCLUSION

For the reasons stated, the Motion for Summary Judgment on Count II (d/e 13) filed by Defendants Kenny Winslow, Christopher Mueller, and Gregory Williamson is GRANTED. Count II of Plaintiff's Complaint is DISMISSED WITH PREJUDICE as to Defendants Winslow, Mueller, and Williamson, who are dismissed as defendants in this case because there remain no claims pending against them. Plaintiff's sole remaining claim in this case is his race discrimination claim brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., against Defendant City of Springfield, Illinois.

ENTER: July 21, 2017.

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE